IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ray Edward Wells, *aka Ray Anthony Wells*, *Ray Wells*,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SCDF Defendant Employees; Larry W. Powers; Dr. Salvatore Bianco; Nurse Susan Blackwell; Warden Chuck Wright; and The Medical Staff,<br><br>　　　　　　　　　Defendants. | C/A No.: 2:14-2091-TMC-WWD<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, Ray Edward Wells, *also known as Ray Anthony Wells and Ray Wells* ("Plaintiff"), proceeding pro se and in forma pauperis, brings this civil action against Defendants, seeking damages for alleged deliberate indifference to his serious medical needs while he was a detainee in the Spartanburg County Detention Facility ("SCDF") in 2011.  Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned finds that Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process, because Plaintiff's claims are duplicative of his claims in Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), all of which  were dismissed *with prejudice* in Plaintiff's previous lawsuit, when Plaintiff's motion for summary judgment was denied and

Defendants' motion for summary judgment was granted, on February 28, 2012.[1] See Order, Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), Dkt. No. 105.[2]

## PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).  The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915(e)(2)(B)(i),

---

[1] See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records.").

[2] This Order (Dkt. No. 105) was affirmed, and Plaintiff's objections to the Report & Recommendation entered in the case were rejected, by Order dated March 6, 2012.  See C/A No. 10-3111, Dkt. No. 110.
The case of Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), is not the only lawsuit Plaintiff has filed over the same set of events and circumstances. Wells v. SCDF Employees, et al., C/A No. 2:13-cv-03061-TMC (D.S.C.), was dismissed without prejudice and without issuance and service of process on January 28, 2014. (See Dkt. No. 20 in C/A No. 2:13-cv-03061-TMC.) Undeterred by the dismissals, Plaintiff has now filed the instant lawsuit.

(ii), (iii).  Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  Neitzke v. Williams, 490 U.S. 319 (1989).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam).  Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal.

The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court.  Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff, who is not currently incarcerated, files this action pursuant to 42 U.S.C. § 1983, seeking damages for alleged deliberate indifference to serious medical needs while he was a detainee in the SCDF in 2011.[3]  Although Plaintiff's Complaint and Amended Complaint are difficult to follow, Plaintiff complains about contracting "boils and infections"

---

[3]The United States Fourth Circuit Court of Appeals has held that the Prison Litigation Reform Act ("PLRA") does not provide for dismissal of a complaint when the Plaintiff "does not meet the PLRA's definition of 'prisoner.'"  See Cofield v. Bowser, 247 F. App'x 413, 414 (4th Cir. 2007) ("Because Cofield was not a prisoner when he filed his complaint, the PLRA exhaustion requirement is not applicable to his § 1983 action."); Michau v. Charleston County, South Carolina, 434 F.3d 725, 727-28 (4th Cir. 2006) (affirming the district court's dismissal of two complaints pursuant to § 1915(e)(2)(B), even though the plaintiff was not a prisoner, because the plaintiff was proceeding in forma pauperis).

3

in his leg while Plaintiff was incarcerated at the SCDF. (See Dkt. No. 1 at 3-4 of 18.) Plaintiff alleges that his staph infection "caused him numbness" as well as the "lo[ss] of power and feelings in his infect[ed] leg." (Id. at 4.) Plaintiff contends that Defendants were grossly negligent, willful, and reckless. (See, e.g., Dkt. No. 1 at 8, 12 of 18.) Plaintiff states that he seeks "three million five thousand dollars on each of the Plaintiff['s] four claims . . ." (Id. at 16 of 18.)[4]

## DISCUSSION

As a threshold consideration, Defendants "SCDF Defendant Employees" and "The Medical Staff" are not "persons," thus they are not proper defendants in a § 1983 action, and should be summarily dismissed.[5] See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such

---

[4]Plaintiff appears to be referencing four dates: 01/12/2011, 04/27/2011, 06/09/2011, 06/10/2011, although he does not specify the significance of those dates. However, based on the documents Plaintiff submitted with his Complaint, (see Dkt. No. 1-2), and Plaintiff's previous cases, it appears that these are the dates Plaintiff was taken to the Spartanburg Regional Medical Center Emergency Room. See Wells v. SCDF Employees, et al., C/A No. 2:13-cv-03061-TMC (D.S.C.).

[5]Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See McKnight v. Rees, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); see Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

4

as buildings, facilities, and grounds are not "persons" and do not act under color of state law.  See Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Additionally, use of the term "medical staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions.   See Barnes v. Baskerville Corr. Cen. Med. Staff, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); Martin v. UConn Health Care, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); Ferguson v. Morgan, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).

In Plaintiff's previous cases, Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.) and  Wells v. SCDF Employees, et al., C/A No. 2:13-cv-03061-TMC (D.S.C.), he also attempted to bring suit against such improper defendants, i.e. "SCDF Employees" and "SCDF Medical Staff," and his complaints against these non-persons were summarily dismissed.  See Order, Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), Dkt. No. 58; see also Order, Wells v. SCDF Employees, et al., C/A No. 2:13-cv-03061-TMC (D.S.C.), Dkt. No. 20.  For the reasons cited above, Plaintiff's claims in the instant case against SCDF Defendant Employees and The Medical Staff are subject to summary dismissal, just as they were in Plaintiff's previous cases.

In C/A No. 10-3111, Plaintiff alleged deliberate indifference claims against, *inter alia*, "Warden Larry W. Powers," "Dr. Bianco," and "Nurse Susan Blackwell." Plaintiff's claims in C/A No. 10-3111 involved SCDF staff members' alleged indifference to Plaintiff's chronic right leg pain and migraine headaches, and Plaintiff's alleged falls, in May 2010 (in his cell) and October 2010 (in a common area), and SCDF medical staff's subsequent alleged inadequate medical treatment of his injuries, while Plaintiff was incarcerated in the SCDF, between October 2009 and June 2011.  (Plaintiff was transferred to the South Carolina Department of Corrections' Kirkland Reception & Evaluation Center in June 2011, then to Kershaw Correctional Institution in September 2011, then was apparently released in December 2011.)  In C/A No. 10-3111, Plaintiff also complained of contracting the recurring staph infection which is the subject of the instant case.

Judge Hendricks' Report & Recommendation ("R&R") in C/A No. 10-3111 discusses Plaintiff's claims of deliberate indifference to these same staph infections, noting that Plaintiff alleges that he developed a swollen right [sic] leg in December 2010, which Plaintiff appears to attribute to his fall on May 26, 2010, which was not treated until January 2011 "when [his] right [sic] leg had to be cut and drain[ed] from the swollen infection built up germs, p[uss], dirt, and blood at the Spartanburg Regional Medical Center."  R&R, <u>Wells v. SCDF Employees, et al.</u>, C/A No. 2:10-3111-CMC-BHH (D.S.C.), Dkt. No. 103, p. 10.  The Defendants in C/A No. 10-3111 introduced affidavits and records showing that a red knot appeared on Plaintiff's left leg in January 2011, which SCDF medical staff treated with an antibiotic, Bactrim.  However, later in the month of January 2011, Plaintiff developed a boil or abscess on his left leg, which was diagnosed by Spartanburg Regional

6

Medical Center as a staph infection (Methicillin Resistant Staphylococcus bacteria or MRSA).

Judge Hendricks' R&R of February 3, 2012 in C/A No. 10-3111 discusses Plaintiff's claim re: his staph infections and abscesses, as alleged in Plaintiff's Amended Complaint (C/A No. 10-3111, Dkt. No. 12), Supplemental Complaint (C/A No. 10-3111, Dkt. No. 21), and in the numerous Declarations (C/A No. 10-3111, Dkt. Nos. 13, 14, 15, 16, 17, 18, 219, 20, 22, 23, 24, 25, 26, 34, 36, 39, 48) and Motions (C/A No. 10-3111, Dkt. Nos. 33, 37, 55) which were filed by Plaintiff in C/A No. 10-3111, between February 2011 and June 2011, as follows:

> Furthermore, the undisputed evidence reveals that Plaintiff was examined by the medical staff at the SCDF regarding a red knot on his left leg in January of 2011. (Blackwell Aff. ¶ 6.) Plaintiff does not dispute Defendants' evidence that he was "prescribed Bactrim, an antibiotic, in an effort to remedy this medical problem." (Id.) Nor does Plaintiff dispute the evidence that he was transported to Spartanburg Regional Medical Center on January 12, 2011, for treatment. (See id.; see also Dkt. No. 81 at 2 of 7; Dkt. No. 86-3.) Plaintiff himself acknowledges he received treatment for the staph infection, but he contends the treatment was inadequate. He says, "[T]he Defendant Employee's medical personnel and also Dr. Bianco would start off treating the injuries and damages to the staff [sic] infection then they would stop and start treating they systems [sic] then the staff [sic] infection would return. Something the Plaintiff was not incarcerated with." (Dkt. No. 83 at 4-5.) While Plaintiff states that he contracted staph four times while incarcerated at SCDF, he admits that the first staph infection on his left leg had gotten well. (Dkt. No. 84-1 at 2 of 34.) The first indication of infection was in January of 2011, and Plaintiff received treatment for it then.
>
> Although Plaintiff was not satisfied with the treatment he received for his staph infections, complaining that the wound dressing was not changed often enough, such disagreement does not amount to deliberate indifference. See Wright v. Collins, 766 F.2d 841 (4th Cir. 1985) (disagreement as to the proper medical care is not sufficient to establish deliberate indifference to a serious medical need); see also Tozzi v. N.C. Dep't of Corr., 846 F.2d 74 (4th Cir. 1988) (unpublished table decision) (citing Wright, 766 F.2d at 849) ("Absent exceptional circumstances, a difference of opinion between a physician and a prisoner about the appropriate treatment of a condition does

7

not constitute . . . deliberate indifference."); Estelle, 429 U.S. at 105-06 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.' . . . . Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Because Plaintiff's claims for deliberate indifference fail, the undersigned recommends granting Defendants' Motion for Summary Judgment (Dkt. No. 91) on this claim.[6]

[6]The undersigned also recommends granting Dr. Bianco's Motion for Summary Judgment for the reasons discussed herein.  Plaintiff may not now bring a claim for deliberate indifference for his fall on May 26, 2010, as he has already litigated that claim.  Turning to the other two dates in question, the evidence is undisputed that Dr. Bianco saw Plaintiff on October 27, 2010, and ordered that his current treatment be continued, and that Plaintiff was treated by Dr. Bianco and the Spartanburg Regional Medical Center in January of 2011.

R&R, Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), Dkt. No. 103, pp. 13-14.  By Order dated February 28, 2012 (Dkt. No. 105), United States District Judge Cameron McGowan Currie adopted the R&R and dismissed Plaintiff's claims *with prejudice*.  See Order, Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), Dkt. No. 105, p. 2.  As previously noted, Judge Currie affirmed the Order granting summary judgment to Defendants, and rejected Plaintiff's objections to the R&R entered in the case, in her Order dated March 6, 2012.  See Order, Wells v. SCDF Employees, et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), Dkt. No. 110, p. 2.

Thus, Plaintiff's attempts in the instant case to pursue these same claims re: the staph infection and abscess that developed in January 2011 and subsequently recurred while Plaintiff was incarcerated in the SCDF should be summarily dismissed, based on the doctrine of res judicata.  While res judicata is ordinarily an affirmative defense, a court may sua sponte apply the doctrine of res judicata in special circumstances, where "it has

previously decided the issue presented" to avoid unnecessary judicial waste. Georgia Pacific Consumer Products, LP v. Von Drehle Corp., 710 F.3d 527, 535 (4th Cir. March 14, 2013) (quoting Arizona v. California, 530 U.S. 392, 410-12 (2000)); see also Erline Co. S.A v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006) ("the affirmative defense of res judicata — which serves not only 'the defendant's interest in avoiding the burden of twice defending a suit,' but also the important judicial interest in avoiding resolution of an issue that the court has already decided — may, in 'special circumstances,' be raised sua sponte.") (quoting Arizona, 530 U.S. at 412-13).[6]

Res judicata bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 946-947 (D.C. Cir. 1983). To establish res judicata as a bar to this litigation, the following three elements must be demonstrated: 1) identity of the parties or their privies in the two suits; 2) identity of the subject matter in both the earlier and the later suit; and 3) a final determination on the merits of the claim in the prior proceeding. Briggs v. Newberry County Sch. District, 838 F. Supp. 232, 235 (D.S.C. 1992), aff'd, 989 F.2d 491 (4th Cir. 1993); Andrews v. Daw, 201 F.3d, 521, 524 (4th Cir. 2000). Of the six Defendants named in the case *sub judice*, five of them (SCDF Defendant Employees, Larry W. Powers, Dr. Salvatore Bianco, Nurse Susan Blackwell, and The Medical Staff) were named in Plaintiff's previous case, and qualify as privies. Cf. Bells v. Ozmint, No. 06-2266, 2007 WL 1862668, at *2, and n. 2

---

[6]In Arizona, the Supreme Court identified one such "special circumstance" as occurring when "a court is on notice that it has previously decided the issue presented" in another case and, by raising the issue on its own motion in a different case, thereby may avoid "unnecessary judicial waste." FN11, 530 U.S. at 412 (citation omitted).

(D.S.C. Jun. 6, 2007).[7] The allegations contained in the instant Complaint stem from the same set of facts that gave rise to Plaintiff's claim for relief in his prior case. The issue of Plaintiff's contraction of a staph infection in January 2011, its recurrences, and Defendants' alleged deliberate indifference to Plaintiff's medical needs in connection with the staph infections, was litigated and rejected by this Court in Plaintiff's prior lawsuit. There was a final judgment on the merits in Plaintiff's prior suit, which was dismissed with prejudice on summary judgment. See Orders, Wells v. SCDF Employees et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.), Dkt. Nos. 105, 110.

The ruling in Plaintiff's previous case, C/A No. 10-3111, is binding in the case at bar, and the Court is not required to relitigate these issues. See Aloe Creme Laboratories, Inc., 425 F.2d at 1296 ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."). Therefore, Plaintiff's Complaint should be summarily dismissed. See Shoup v. Bell & Howell, 872 F.2d 1178, 1181-82 (4th Cir. 1989) (noting that grants of summary judgment

---

[7]Only one Defendant in the instant case, Defendant Warden Chuck Wright, was not named in Wells v. SCDF Employees et al., C/A No. 2:10-3111-CMC-BHH (D.S.C.). However, it appears that Wright is the successor to Powers as Warden, so res judicata would apply to Plaintiff's claim. See Boston v. Stobbe, 586 F. Supp. 2d 574, 580 (D.S.C. 2008). Regardless, Plaintiff's claim against Wright fails because Plaintiff alleges that Wright "was not the S.C.D.F. Warden when the Plaintiff came in contact with what Plaintiff stated and/or going to state in this case, but he [is] now the S.C.D.F. Warden." (Dkt. No. 1 at 6 of 18.) Plaintiff therefore fails to state a claim against Wright. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution."); Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (in a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations."); see also Ouzts v. Cummins, 825 F.2d 1276, 1277 (8th Cir. 1987) ("[A] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement.").

are considered "on the merits" for the purposes of res judicata, and holding that "justice is better served by attributing finality to judgments . . . than by second efforts at improved results."). Furthermore, the doctrine of res judicata not only "bar[s] claims that were raised and fully litigated," but also "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc., 892 F.2d 355, 359 (4th Cir. 1989) (internal quotation marks and citation omitted).

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint and Amended Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

June 30, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).